

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Patton Ismail, Brenda, L.          )          15CV399
                                   )          JUDGE DURKIN
_____        )          MAG. JUDGE SCHENKIER
                                   )
_____        )          CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
                                   )
         v.                        )          NO._____
                                   )
Triton College                     )
                                   )
Board of Trustees of Triton College )
                                   )
Sean O. Sullivan, VP, Business Services
(Name of the defendant or defendants)  )

**FILED**
JAN 15 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is  Brenda L. Patton Ismail  of the county of  DuPage  in the state of  Illinois .

3. The defendant is  Triton College , whose street address is  2000 5th Avenue ,
(city) River Grove  (county) Cook  (state) Illinois  (ZIP) 60171 
(Defendant's telephone number)  (708) - 456-0300 

4. The plaintiff sought employment or was employed by the defendant at (street address)
 2000 5th Avenue  (city) River Grove 
(county) Cook  (state) Illinois  (ZIP code) 60171

5. The plaintiff [*check one box*]

   (a) ☐   was denied employment by the defendant.

   (b) ☒   was hired and is still employed by the defendant.

   (c) ☐   was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)__April__, (day)__27__, (year)__2011__.

7.1   *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

    (ii) ☒ the Illinois Department of Human Rights, on or about (month)__October__ (day)__19__ (year)__2011__.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2   The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

☐ Yes (month)_____ (day)_____ (year) _____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) _October____

(day) __21_____ (year) __2014_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☒ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☒ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☒ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

(a) ☒ Age (Age Discrimination Employment Act).

(b) ☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

    (c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☒ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a) ☐ failed to hire the plaintiff.

    (b) ☐ terminated the plaintiff's employment.

    (c) ☒ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☒ failed to stop harassment;

    (g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☒ other (specify): Compensation Discrimination

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

    <u>I received a Notice of Substantial Evidence from Ms. Maura Wallenius</u>

    <u>from the Illinois Department of Human Rights (IDHR) regarding my</u> charge

    <u>of failure to promote and harassment. The IDHR ruled that there</u> was

    <u>enough substantial evidence of discrimination(re: race(black), age</u> (48),

    <u>sex (female), and religion (Islam)).</u>

    _____

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. [x] YES [ ] NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) [ ] Direct the defendant to hire the plaintiff.

    (b) [ ] Direct the defendant to re-employ the plaintiff.

    (c) [x] Direct the defendant to promote the plaintiff.

    (d) [ ] Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) [ ] Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) [x] Direct the defendant to (specify): <u>Rectify compensation discrimination</u>

    <u>practices</u>

5

_____

_____

_____

_____

(g) [x]   If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) [x]   Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
*Brenda L. Patton Ismail* (signature)

(Plaintiff's name)

Brenda L. Patton Ismail

(Plaintiff's street address)

25W453 Geneva Road

_____

(City) Wheaton     (State) Illinois (ZIP) 60187

(Plaintiff's telephone number) ( 630 ) – 933-9039

Date: 01/08/2015

6

Dept. of Human Rights
INTAKE UNIT
NOV 20 2014
RECEIVED
By: _____

November 19, 2014

US Equal Employment
Opportunity Comission
Chicago District Office
500 W. Madison, Ste 2000
Chicago, IL 60661

Re: Charge No. 2012CA1074

To Whom It May Concern:

I am requesting a "Right-To-Sue" Letter for the above charge (ie. 2012CA1074), that has been filed at the Department of Human Rights.

Sincerely,

*Brenda Patton Ismail*

Brenda Patton Ismail

|  |  |  |
|---|---|---|
| **Brenda L. Patton Ismail** <br> Plaintiff <br><br> v. <br><br> **Triton College,** Board of Trustees <br> of Triton College, and Sean O. Sullivan <br> individually and in his official capacity as <br> VP, of Business Services, Triton College <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **United States District Court** <br> **Northern District of Illinois** |

~~COMPLAINT~~ *Exhibit*

1) Plaintiff, Brenda L. Patton Ismail (hereinafter "Plaintiff"), make the following allegations against the Defendant, Triton College, Board of Trustees of Triton College and Sean O. Sullivan, VP of Business Services (hereinafter collectively "Defendants").

## JURISDICTION AND VENUE

2) This court has jurisdiction over all causes of action asserted in the statutory violation (i.e. involves a constitutional right or federal law (federal question cases)) alleged is conferred as follows: for Title VII claims by **28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117**; for the Rehabilitation Act, 29 U.S.C. § 791.

3) The Defendant (Triton College) is a local government agency. The Plaintiff further alleges that the Defendants' discrimination were on the basis of:

   a. Age (Age Discrimination Employment Act)
   b. Race/Color (Title VII of the Civil Rights of 1964 and 42 U.S.C. §1981)
   c. Religion (Title VII of the Civil Rights Act of 1964)
   d. Sex (Title VII of the Civil Rights Act of 1964)

4) Plaintiff further alleges that the Defendant(s):

   a. Failed to promote the Plaintiff.
   b. Failed to stop harassment.
   c. Failed to provide a justification for a neutral compensation policy and/or practice that has had an adverse impact and/or an amendment to the remuneration for Plaintiff's employment.
   d. Retaliated against Plaintiff because Plaintiff asserted rights protected by law.

5) Venue is proper because the causes of action stated herein arose in this judicial district. Venue is further proper in this Court because:

   a. Plaintiff is an individual who resides in Illinois.
   b. Plaintiff is currently an employee of Defendant (Triton College).
   c. Defendant (Triton College) principal place of business in Illinois.
   d. Defendant (Sean O. Sullivan) is an individual who resides in Illinois.
   e. Defendant (Sean O. Sullivan) was appointed by the College as VP, Business Services for the College.
   f. The cause of action took place in Cook County, Illinois.

6) Plaintiff believes and therein alleges that, at all times herein mentioned, each Defendant was acting within the purpose and of such agency and employment.

7) Defendant(s) knowingly, intentionally, and willfully discriminated against Plaintiff. Plaintiff demands that the case be tried by a jury.

## PARTIES

8) Plaintiff is currently employed by the Defendant (Triton College) as the Human Resources Generalist for the Human Resources Department located on the main campus.

9) Defendant (Triton College) is a comprehensive public community college, is located in western Cook County and serves the near western suburbs of Chicago.

10) Defendant (Triton College) is one of more than 48 community colleges in the state of Illinois. It operates under the direction of the Illinois Community College Board, with accreditation from the Higher Learning Commission of North Central Association of Colleges and Schools.

11) At its founding, Defendant (Triton College) served three townships, Proviso, Leyden and Elmwood Park creating Illinois Community College District 504.

12) The district that the Defendant (Triton College) encompasses approximately 63 square miles, and serves approximately 331,000 people residing in 25 demographically and culturally diverse towns and villages.

13) Defendant (Board of Trustees) is an eight-member body that governs the College and is responsible for appointing the VP, Business Services, Defendant (Sean O. Sullivan).

14) Defendant (Sean O. Sullivan) is responsible for the following areas: Business Services, Campus Police, Facilities, Human Resources, and Information Systems.

15) In addition, Defendant (Sean O. Sullivan) was appointed by the Board of Trustees as the Affirmative Action, Equal Opportunity Officer.

16) Prior to Defendant (Sean O. Sullivan) appointment to VP, Business Services, Defendant (Sean O. Sullivan) was the Interim, Executive Director of Marketing.

## PROCEDURAL HISTORY

17) On April 19, 2011, Defendant(s) approved a newly created Executive Director of Human Resources position to provide leadership/direction over the Human Resources Department.

18) Plaintiff expressed an interest in the newly created Executive Director of Human Resources position by sending an email to the Defendant (Sean O. Sullivan) on April 27, 2011.

19) The Defendant (Sean O. Sullivan) response was to complete and submit an application by the deadline. The Plaintiff completed and submitted an on-line application by the deadline.

20) On April 28, 2011, Plaintiff was wrongfully arrested by a Campus Police Officer employed by the Defendant (Triton College) allegedly for Solicitation to Commit Battery.

21) Defendant(s) deviated from the current recruitment policy and/or procedure of interviewing ALL qualified internal applicants, but Defendant(s) failed to interview Plaintiff.

22) The Plaintiff's qualifications exceeded the minimum qualifications required, was not under any disciplinary action, and had not received any poor performance evaluations at the time the vacancy announcement for the Executive Director of Human Resources position was posted.

23) Plaintiff's employment began with Defendant (Triton College) in October, 2008.

24) Later, the Defendant(s) concluded that there was enough reasonable grounds to believe that misconduct "might" have happened; therefore, under the Peace Officers Bill of Rights Act an internal investigation took place and a Sworn Affidavit was issued to the Plaintiff.

25) After the Plaintiff filed charges against the Defendant(s), the Plaintiff has been subjected to unwarranted surveillance, a recipient of group performance evaluations that were negative and/or poor, received harsh and harassing emails, and refused training and development and ostracize by the Human Resources Department.

26) On October 19, 2011, Plaintiff filed a failure to promote and harassment complaint/charge with Illinois Department of Human Rights (IDHR). IDHR ruled that there were substantial evidence of discrimination (re: age, race/color, religion and sex).

## FACTUAL ALLEGATIONS

27) **On the matter of failure to promote**, the Defendant(s) deviated from current recruitment policy regarding internal applicants for administrative vacancies as a means to discriminate.

28) Other similar situated non-protected class employees (i.e. exempt, mid-managers) in HR with less and/or no relevant HR experiences were placed and/or promoted without having to go through an application screening process and/or having to interview for their position (i.e. Interim, Recruiter and Affirmative Action Coordinator, Insurance Coordinator, Executive Director of Human Resources, Human Resources Manager, Interim, AVP of Human Resources, and VP, Human Resources position).

29) When Defendant(s) hired Plaintiff, Plaintiff (a protected class member) had a MBA and fifteen (15) years of relevant HR experience.

30) Eleven (11) of those years were relevant HR experience obtained in an educational setting at a community college in human resources. When Plaintiff (a protected class member) applied for the Executive Director of Human Resources position, Plaintiff (a protected class member) was not under any disciplinary action and/or received any negative/poor performance evaluations.

31) In addition to applying for the Executive Director of Human Resources position (spring, 2011), Plaintiff (a protected class member) had applied and interviewed for the Human Resources Generalist, Faculty Support Services (fall, 2008) and the Insurance Coordinator position (spring, 2008).

32) Plaintiff (a protected class member) was offered and filled the Human Resources Generalist, Faculty Support Services position.

33) Regarding position vacancy announcements, Plaintiff (a protected class member) submitted a completed application for the Executive Director of Human Resources, Human Resources Generalist, Faculty Support Services and the Insurance Coordinator position within the time frame allowed and/or listed.

34) The Executive Director of Human Resources and the Insurance Coordinator position was offered to the same employee (non-protected class member).

35) The same employee (non-protected class member) that filled the Executive Director of Human Resources and the Insurance Coordinator position did not meet the minimum qualifications when these position vacancies were announced and/or filled.

36) The employee (non-protected class member) submitted an incomplete application, did not disclose relevant work experience for the position and falsified the educational information claiming to possess a master's degree at that time.

37) Nor did the employee's (non-protected class member) credentials meet the equivalent experience requirement.

38) The employee (non-protected class member) did not have the number of relevant years of experience to satisfy the competency level of a master's degree.

39) The employee (non-protected class member) would have had, at the time of interview, at least five (5) years of relevant HR experience or five (5) years of relevant transitional experience (i.e. performing HR functions in other positions) which the employee (non-protected class member) did not.

40) The Plaintiff's (a protected class member) HR experience in general is superior over the other HR employees (non-protected class members) experience yet Plaintiff's (a protected class member) application for the Executive Director of Human Resources and Insurance Coordinator position were not given adequate consideration.

41) Plaintiff (a protected class member) was not afforded the opportunity to submit an application and/or compete for several Human Resources positions which were given/filled by other employees (non-protected class members) with less and/or no relevant HR experiences (i.e. placed and/or promoted).

42) **On the matter of harassment**, no other similar situated employee outside of the Plaintiff's protect class (i.e. exempt, mid-manager) had a Campus Police Officer (non-protected class member) charged into their office, shut their door, made them get out of their seat from behind their desk, put handcuffs on them, neglected to read them their Miranda Rights, verbally announced to them that I am now going to embarrass you, and paraded through the building in front other employees.

43) Please note that the above occurrence happened, on April 28, 2011, right after the Plaintiff (a protected class member) sent the VP of Business Services (non-protected class member) an email expressing an interest in the Executive Director of Human Resources position.

44) Both the Campus Police and Human Resources Department report to VP of Business Services/Affirmative Action Officer (non-protected class member).

45) No one said or did anything, as this Police Officer (non-protected class member) who was <u>NOT</u> companied by another Police Officer, when the Plaintiff was removed from the Human Resources Department.

46) The Recruiter and Affirmative/Action Coordinator and Human Resources Manager (non-protected class members) looked away and said nothing during this time.

47) The employee that filed the report was the Recruiter and Affirmative/Action Coordinator (non-protected class member).

48) The Recruiter and Affirmative/Action Coordinator and Human Resources Manager (non-protected class members) co-chaired the Executive Director of Human Resources search. Both employees had been reprimanded before and after the recruitment of the Executive Director of Human Resources search for poor performance.

49) Note that there was no urgency what-so-ever by Defendant(s) to address and/or resolve this matter.

50) **On the Matter of compensation discrimination,** Plaintiff (a protected class member) approached the VP, Business Services (non-protected class member) regarding the matter of being compensated below the salary range for the Human Resources Generalist, Faculty Support Services position unlike other similar situated employee within Plaintiff's employee group.

51) The VP, Business Services (non-protected class member) failed to provide a nondiscriminatory explanation for the differential in Plaintiff compensation.

52) Nor did the VP, Business Services (non-protected class member) rectify Plaintiff's (a protected class member) compensation discrepancy.

53) Defendant(s) current compensation practices (i.e. policy and/or procedures) has a negative effect on Plaintiff's (a protected class member) compensation by not addressing the artificial barriers affecting the advancement of similar situated employees within the Plaintiff's protected class.

54) Steering employees in the Plaintiff's protected class to lower paid jobs/positions by discriminating in promotions, performance appraisals, procedures for assigning work, and training and development opportunities unlike other similar situated employees outside the Plaintiff's protected class.

55) **THEREFORE**, the Plaintiff (a protected class member) asks that the Court grant the following relief:

   a. Direct the Defendant(s) to promote the Plaintiff.
   b. Direct the Defendant(s) to stop harassment.
   c. Direct the Defendant(s) to implement a compensation policy that does not have an adverse impact on employees in Plaintiff's protected class (i.e. nondiscriminatory compensation policy and/or practices).
   d. If available, grant the Plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fess.
   e. Grant such other relief as the Court may find appropriate.

Dated: January 10, 2015                    RESPECTFULLY SUBMITTED,

                                           By: *[signature] Brenda Patton Ismail*

                                           Brenda L. Patton Ismail
                                           Plaintiff in Pro Persona

ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

October 21, 2014

Brenda Patton Ismail
25W453 Geneva Road
Wheaton, IL  60187

Daniel E. Cannon, Esq.
Kusper & Raucci Chartered
33 N. Dearborn, Suite 1530
Chicago, IL  60602

RE:   Brenda Patton Ismail vs. Triton College, 2012CA1074

## NOTICE OF SUBSTANTIAL EVIDENCE AS TO COUNT(S) A thru H

YOU ARE HEREBY NOTIFIED, the Director has concluded that there is Substantial Evidence that a civil rights violation has been committed.

**Complainant must either:**

1) Within thirty (30) days of receipt of the notice of Substantial Evidence, notify the Department in writing if you wish the Department to file a complaint with the Human Rights Commission ("Commission") pertaining to the allegation(s). Your request should be sent to: Chief Legal Counsel, Illinois Department of Human Rights, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.

The Illinois Human Rights Act ("Act") permits the Department to conduct conciliation to give the parties an opportunity to settle the case before a complaint is filed with the Commission. Conciliation is a process in which a Department Staff Attorney facilitates settlement discussions with both parties via telephone. If you notify the Department to file a complaint with the Commission, I have been designated by the Director to CONCILIATE this case.

All settlement efforts are confidential. If it is determined there is not a reasonable possibility of settlement, within 90 days after receipt of the notice of Substantial Evidence, I will prepare a complaint against Respondent, file it with the Commission and serve notice of such filing on all parties, pursuant to Section 7A-102(F) of the Act. It is then the parties' responsibility to go forward with the case at the Commission.

Or

2) Complainant may (within 90 days) file a complaint with the Commission. If Complainant files a complaint with the Commission, Complainant must also give notice of such filing to the Department.

Or

3) Complainant may commence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice. The civil action should be filed in the circuit court in the county where the civil rights violation was allegedly committed.

Maura Wallenius
Staff Attorney
(312) 814-1906

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
222 South College Street, Room 101, Springfield, IL 62704, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr