**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BRENDA L. PATTON ISMAIL,** ) | |
| ) | **Case No. 15-cv-00399** |
| **Plaintiff,** ) | |
| ) | **Judge DURKIN** |
| vs. ) | |
| ) | **Magistrate Judge SCHENKIER** |
| **TRITON COLLEGE,** ) | |
| ) | **JURY DEMANDED** |
| **Defendant.** ) | |

## AMENDED COMPLAINT

**NOW COMES** the Plaintiff, BRENDA PATTON ISMAIL by and through his undersigned attorney, Arthur R. Ehrlich of GOLDMAN & EHRLICH and complaining of Defendant, TRITON COLLEGE, states as follows:

1. This is an action brought under Title VII, 42 U.S.C. § 2000e *et seq.*, for discrimination based on Plaintiff's race, gender, and religion. Plaintiff's complaint is also based on age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §623 *et seq.*. Jurisdiction exists under 42 U.S.C. § 2000e *et seq.*, and 29 U.S.C. §623. Venue exists because Plaintiff resides in the Northern District of Illinois, and Defendant resides in River Grove, Illinois, in the Northern District of Illinois.

2. Plaintiff filed a timely charge for discrimination and retaliation with the Illinois Department of Human Rights in October of 2011, which was cross filed with the Equal Employment Opportunity Commission. The EEOC and Department of Justice issued Plaintiff a Right to Sue letter dated April 24, 2015.

3. Plaintiff, BRENDA PATTON ISMAIL, is a resident of Wheaton, Illinois. Plaintiff is an African American female and is over the age of 40. Plaintiff's religion is Islam.

4. Defendant, TRITON COLLEGE is a public community college organized under the laws of the State of Illinois.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

5. Plaintiff began working for Defendant in or about 2008 as a Human Resource generalist, and is still employed with Defendant. Plaintiff met and exceeded Defendant's performance expectations at all times during her employment.

6. Plaintiff had worked in Human Resources for approximately 15 years as of 2011 and had a Masters Degree. Plaintiff had approximately 11 years working in Human Resources with community colleges.

7. In April of 2011, Defendant posted an opening for the position of Executive Director of Human Resources. Plaintiff applied for this position in April of 2011, and notified Defendant's Vice President who was over Human Resources, that she was interested in this position at that time.

8. The Executive Director of Human Resources position required experience in multiple areas of Human Resources and the position announcement stated that a Masters Degree was a preferred qualification.

9. At the time Plaintiff applied for this position, all of her performance evaluations established that she met or surpassed all performance expectations and had not received any disciplinary actions.

10. Defendant did not interview Plaintiff despite her being exceptionally well qualified for the position.

## COUNT I - RACE DISCRIMINATION

11. Defendant interviewed a less qualified Caucasian employee who had limited experience in human resources and did not have a masters degree. Defendant promoted that employee to the Executive Director of Human Resources position over Plaintiff in October 2011 despite Plaintiff's superior qualifications.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

12. In April 2011, after Plaintiff advised Defendant of her interest and intent to apply for the Executive Director of Human Resources, Defendant questioned an African American employee who was friendly with Plaintiff, asked her why she was spending so much time with Plaintiff and warned her that she would lose her job if she was seen with Plaintiff again.

13. Defendant also asked this African American employee if Plaintiff had paid another individual to physically assault another employee. This employee clearly stated to Defendant that Plaintiff never offered to pay anyone to do this and unequivocally refuted the basis of Defendant's alleged belief that Plaintiff engaged in any improper conduct.

14. A few days after speaking to this employee, Defendant went to Plaintiff's office, arrested her, placed handcuffs on her, and walked her out of the office and forced her into a police car in front of numerous employees and students.

15. Defendant's police office was less than a block from where Plaintiff worked, and Plaintiff had previously appeared at Defendant's police office voluntarily. Yet Defendant forcibly and publically arrested Plaintiff instead of asking her to appear at the police office as it had before.

16. Defendant knew it had no reasonable basis to believe Plaintiff committed any crime nor any reasonable basis to arrest Plaintiff, and has not engaged in such conduct with non African American employees.

17. Another African American employee with whom Plaintiff was friendly previously complained to Defendant that the word "nigger" was written on a bathroom wall at the college but no action was taken by Defendant in response to that complaint.

18. Defendant failed to interview or promote Plaintiff based on her race, and harassed her by causing her to be publicly arrested and handcuffed in front of other employees and students because of Plaintiff's race. Defendant has not engaged in this conduct against Caucasian employees.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

3

19. Plaintiff complained to Defendant about the harassment from Defendant's police department but Defendant failed to take any action to address this or other acts of harassment.

20. Defendant's actions have been willful and malicious, and violated Title VII, 42 U.S.C. §2000e *et seq*. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and has caused Plaintiff emotional distress.

21. Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

> A. Actual damages for lost salary and employment benefits in an amount in excess of Fifty Thousand Dollars ($50,000.00);
>
> B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);
>
> C. Attorney's fees and costs; and
>
> D. Such other relief as this Court deems appropriate, including placing Plaintiff in the Executive Director of Human Resources position.

## COUNT II - RELIGIOUS DISCRIMINATION

1-10. Plaintiff restates and realleges ¶¶ 1-10 of Count I above, as ¶¶ 1-10 of this Count II as though fully set forth herein.

11. Defendant interviewed a less qualified non-Moslem employee who had limited experience in human resources and did not have a masters degree. Defendant promoted that employee to the Executive Director of Human Resources position over Plaintiff in October 2011 despite Plaintiff's superior qualifications.

12. In April 2011, after Plaintiff advised Defendant of her interest and intent to apply for the Executive Director of Human Resources, Defendant questioned another employee who was

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

4

friendly with Plaintiff, asked her why she was spending so much time with Plaintiff and warned her that she would lose her job if she was seen with Plaintiff again.

13. Defendant also asked this employee if Plaintiff had paid an individual to physically assault another employee. This employee clearly stated to Defendant that Plaintiff never offered to pay anyone to do this and unequivocally refuted the basis of Defendant's alleged belief that Plaintiff engaged in any improper conduct.

14. A few days after speaking to this employee, Defendant went to Plaintiff's office, arrested her, placed handcuffs on her, and walked her out of the office and forced her into a police car in front of numerous employees and students..

15. Defendant's police office was less than a block from where Plaintiff worked, and Plaintiff had previously appeared at Defendant's police office voluntarily. Yet Defendant forcibly and publically arrested Plaintiff instead of asking her to appear at the police office as it had before.

16. Defendant knew it had no reasonable basis to believe Plaintiff committed any crime nor any reasonable basis to arrest Plaintiff and has not engaged in such conduct with non-Moslem employees.

17. Defendant failed to interview or promote Plaintiff based on her religion, and harassed her by causing her to be publicly arrested and handcuffed in front of other employees and students because of Plaintiff's religion.

18. Plaintiff complained to Defendant about the harassment from Defendant's police department but Defendant failed to take any action to address this or other acts of harassment.

19. Defendant's actions have been willful and malicious, and violated Title VII, 42 U.S.C. §2000e *et seq*. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and has caused Plaintiff emotional distress.

20. Plaintiff demands trial by jury.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

- A. Actual damages for lost salary and employment benefits in an amount in excess of Fifty Thousand Dollars ($50,000.00);

- B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

- C. Attorney's fees and costs; and

- D. Such other relief as this Court deems appropriate, including placing Plaintiff in the Executive Director of Human Resources position.

## COUNT III - GENDER DISCRIMINATION

1-10. Plaintiff restates and realleges ¶¶ 1-10 of Count I above, as ¶¶ 1-10 of this Count III as though fully set forth herein.

11. Defendant interviewed a less qualified male who had limited experience in human resources and did not have a masters degree. Defendant promoted that employee to the Executive Director of Human Resources position over Plaintiff in October 2011 despite Plaintiff's superior qualifications.

12. In April 2011, after Plaintiff advised Defendant of her interest and intent to apply for the Executive Director of Human Resources, Defendant questioned another employee who was friendly with Plaintiff, asked her why she was spending so much time with Plaintiff and warned her that she would lose her job if she was seen with Plaintiff again.

13. Defendant also asked this employee if Plaintiff had paid another individual to physically assault another employee. This employee clearly stated to Defendant that Plaintiff never offered to pay anyone to do this and unequivocally refuted the basis of Defendant's alleged belief that Plaintiff engaged in any improper conduct.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

14. A few days after speaking to this employee, Defendant went to Plaintiff's office, arrested her, placed handcuffs on her, and walked her out of the office and forced her into a police car in front of numerous employees and students.

15. Defendant's police office was less than a block from where Plaintiff worked, and Plaintiff had previously appeared at Defendant's police office voluntarily. Yet Defendant forcibly and publically arrested Plaintiff instead of asking her to appear at the police office as it had before.

16. Defendant knew it had no reasonable basis to believe Plaintiff committed any crime nor any reasonable basis to arrest Plaintiff and has not engaged in such conduct with male employees.

17. Defendant failed to interview or promote Plaintiff based on her gender and harassed her by causing her to be publicly arrested and handcuffed in front of other employees and students because of Plaintiff's gender.

18. Plaintiff complained to Defendant about the harassment from Defendant's police department but Defendant failed to take any action to address this or other acts of harassment.

19. Defendant's actions have been willful and malicious, and violated Title VII, 42 U.S.C. §2000e *et seq*. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and has caused Plaintiff emotional distress.

20. Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A. Actual damages for lost salary and employment benefits in an amount in excess of Fifty Thousand Dollars ($50,000.00);

B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

C. Attorney's fees and costs; and

D. Such other relief as this Court deems appropriate, including placing Plaintiff in the Executive Director of Human Resources position.

## COUNT IV - AGE DISCRIMINATION

1-10. Plaintiff restates and realleges ¶¶ 1-10 of Count I above, as ¶¶ 1-10 of this Count IV as though fully set forth herein.

11. Defendant interviewed a less qualified younger employee who had limited experience in human resources and did not have a masters degree. Defendant promoted that employee to the Executive Director of Human Resources position over Plaintiff in October 2011 despite Plaintiff's superior qualifications.

12. In April 2011, after Plaintiff advised Defendant of her interest and intent to apply for the Executive Director of Human Resources, Defendant questioned another employee who was friendly with Plaintiff, asked her why she was spending so much time with Plaintiff and warned her that she would lose her job if she was seen with Plaintiff again.

13. Defendant also asked this employee if Plaintiff had paid another individual to physically assault another employee. This employee clearly stated to Defendant that Plaintiff never offered to pay anyone to do this and unequivocally refuted the basis of Defendant's alleged belief that Plaintiff engaged in any improper conduct.

14. A few days after speaking to this employee, Defendant went to Plaintiff's office, arrested her, placed handcuffs on her, and walked her out of the office and forced her into a police car in front of numerous employees and students.

15. Defendant's police office was less than a block from where Plaintiff worked, and Plaintiff had previously appeared at Defendant's police office voluntarily. Yet Defendant forcibly and publically arrested Plaintiff instead of asking her to appear at the police office as it had before.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

16. Defendant knew it had no reasonable basis to believe Plaintiff committed any crime nor any reasonable basis to arrest Plaintiff and has not engaged in such conduct with younger employees.

17. Defendant failed to interview or promote Plaintiff based on her age and harassed her by causing her to be publicly arrested and handcuffed in front of other employees and students because of Plaintiff's age.

18. Plaintiff complained to Defendant about the harassment from Defendant's police department but Defendant failed to take any action to address this or other acts of harassment.

19. Defendant's actions have been willful and malicious, and violated the Age Discrimination in Employment Act, 29 U.S.C. §623 *et seq*. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and has caused Plaintiff emotional distress.

20. Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

    A. Actual damages for lost salary and employment benefits in an amount in excess of Fifty Thousand Dollars ($50,000.00);

    B. Compensatory damages in an amount of Two Hundred Thousand Dollars ($300,000.00);

    C. Attorney's fees and costs; and

    D. Such other relief as this Court deems appropriate, including placing Plaintiff in the Executive Director of Human Resources position.

/s/ Arthur R. Ehrlich
Arthur R. Ehrlich of GOLDMAN & EHRLICH,
as attorney for Plaintiff

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364